UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 07-3228-WCT

UNITED STATES OF AMERICA

vs.

JOSE FELIPE SASSO CABALLERO,

    Defendant.

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?  ___ Yes  _x_ No
   If yes, was it pending in the Central Region?
   ___ Yes  ___ No

2. Did this matter originate from a matter pending in the United States Attorney's Office prior to April 1, 2003?  ___ Yes  _x_ No

3. Did this matter originate from a matter pending in the Narcotics Section (Miami) of the United States Attorney's Office prior to May 18, 2003?  ___ Yes  _x_ No

4. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  ___ Yes  _x_ No

5. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  ___ Yes  _x_ No

                              Respectfully submitted,

                              R. ALEXANDER ACOSTA
                              UNITED STATES ATTORNEY

BY: _____
     SHANIEK M. MAYNARD
     ASSISTANT UNITED STATES ATTORNEY
     Florida Bar Number 0522201
     99 N. E. 4th Street
     Miami, Florida  33132-2111
     TEL (305) 961-9067
     FAX (305) 530-7976

# United States District Court

__SOUTHERN__ DISTRICT OF __FLORIDA__

UNITED STATES OF AMERICA

v.

JOSE FELIPE SASSO CABALLERO

CRIMINAL COMPLAINT

CASE NUMBER: 07-3228-WCT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about September 29, 2007, at Miami International Airport, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant, JOSE FELIPE SASSO CABALLERO, having previously been removed from the United States, attempted to reenter the United States, knowingly and unlawfully, without the Attorney General or his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), 202(4) and 557) having expressly consented to such alien's reapplying for admission to the United States; in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

I further state that I am an Officer with U.S. Customs and Border Protection Enforcement and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

HOLLY L. McINTOSH  CBP ENFORCEMENT OFFICER
U.S. CUSTOMS AND BORDER PROTECTION

Sworn to before me, and subscribed in my presence,

OCTOBER 1, 2007                           at      Miami, Florida
Date                                              City and State

WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Holly L. McIntosh, being duly sworn, depose and state:

1. I am an Enforcement Officer with the United States Customs and Border Protection ("USCBP") at Miami International Airport and have been so employed since 2003. I am responsible for conducting criminal investigations of the criminal statutes contained in the Immigration and Nationality Act, and related offenses contained in Titles 8 and 18 of the United States Code.

2. The facts contained in this affidavit are based upon my own personal knowledge, as well as facts related to me by other law enforcement officials and employees of USCBP. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause to arrest Jose Felipe SASSO CABALLERO for violating Title 8, United States Code, Sections 1326(a) and (b)(2), I have not included each and every fact known to me concerning this investigation.

3. On or about September 29, 2007, Jose Felipe SASSO CABALLERO, aka "Jose Felipe SACIO CABALLERO", hereafter SASSO CABALLERO, arrived at Miami International Airport on American Airlines Flight AA 918 from Lima, Peru. SASSO CABALLERO is a citizen of Italy and a national of Peru. SASSO CABALLERO presented an Italian Passport, #AA0035015, bearing the name and photo of SASSO CABALLERO. He also presented immigration form I-94W, which he used to apply for admission as a visitor to the United States under the Visa Waiver Program.

4. SASSO CABALLERO answered "No" to the following questions contained on

the I-94W:

    a. "Have you ever been arrested or convicted for an offense or crime involving moral turpitude or a violation related to a controlled substance; or been arrested or convicted for two or more offenses for which the aggregate sentence to confinement was five years or more; or been a controlled substance trafficker; or are you seeking entry to engage in criminal or immoral activities;"

    b. "Are you seeking to work in the U.S. or have you ever been excluded and deported; or been previously removed from the United States; or procured or attempted to procure a visa or entry into the U.S. by fraud or misrepresentation;" and

    c. "Have you ever been denied a U.S. visa or entry into the U.S. or had a U.S. visa cancelled?"

5. The primary inspector processed SASSO CABALLERO through the Treasury Enforcement Communications System ("TECS") and found him to be a match for a Department of State lookout. The primary inspector referred SASSO CABALLERO to secondary inspection for further examination.

6. During secondary inspection, SASSO CABALLERO was fingerprinted and his identity was confirmed electronically through the Integrated Automated Fingerprint Identification System ("IAFIS"), the database of the Federal Bureau of Investigation. Secondary inspection also confirmed that SASSO CABALLERO was previously ordered to be removed from the United States on October 2, 1984 by a federal judge in Texas due to an aggravated felony conviction, *to wit*, drug trafficking, and was in fact subsequently deported back to Peru and ordered not to return to the United States.

2

7. SASSO CABALLERO is an alien, that is, he is not a native, national nor citizen of the United States, but is a native of Peru and citizen of Italy.

8. A search of the records maintained by the United States Citizenship and Immigration Services and myself, further reveal that SASSO CABALLERO has never applied for permission from the United States Attorney General or his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), 202(4), and 557), to return to the United States after having been removed.

9. Based upon the foregoing, I submit that probable cause exists to believe that, on or about September 29, 2007, in Miami-Dade County, in the Southern District of Florida, the defendant, Jose Felipe SASSO CABALLERO, after having previously been removed, did knowingly attempt to reenter the United States without having received the express consent of the Attorney General or his successor, the Secretary for Homeland Security (Title 6, United States Code, Sections 202(3), 202(4) and 557) having expressly consented to such alien's reapplying for admission to the United States; in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Holly L. McIntosh, CBP Enforcement Officer
United States Customs and Border Protection

SWORN TO AND SUBSCRIBED before me
this ___ day of October 2007.

_____
WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

3